## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,      :
     Plaintiff      :      CIVIL ACTION NO. 3:13-CV-1281
           :
     v.      :
           :      (JUDGE NEALON)
LUZERNE COUNTY CORRECTIONAL      :      (MAGISTRATE JUDGE BLEWITT)
FACILITY,      :
     Defendant      :

FILED
SCRANTON

JUL 3 0 2013

PER _____
DEPUTY CLERK

### MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County

Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the LCCF as the sole Defendant.

(Id.). Plaintiff alleges that when he arrived at LCCF he could not afford shower shoes and

therefore contracted a "very bad case of athlete's foot." (Id.). He alleges that he was only given

medication after getting a job in the prison and eventually received prescription medication to

cure his foot problem. (Id.). Plaintiff complains that he should not have had to pay for shower

shoes or the initial medication because it was the prison's fault he got athlete's foot. (Id.). He

filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 4).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate

Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 7) (citing Pub. L. No. 104-134,

110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On May 31, 2013, Magistrate Judge Blewitt

---

[1]Plaintiff has since been released on bail. See (Docs. 8-9).

[2]Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the
court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on
which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune
from such relief."

issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed in its entirety with prejudice, and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Docs. 10-11). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was mailed to Plaintiff's new address. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

## Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed

---

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 7, pp. 4-5). Initially, Magistrate Judge Blewitt determines that the LCCF is not a proper defendant because it is not a "person" subject to suit under federal civil rights laws. (Id. at pp. 6-7), citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Accordingly, the Magistrate Judge recommends that Defendant LCCF be dismissed and finds futility in allowing an amended complaint against this Defendant. (Id.), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Next, the Magistrate Judge concludes that there are no allegations of personal involvement by any LCCF employee or any facts alleging how Plaintiff's

3

constitutional rights were violated.[4] (Doc. 7, p. 9) (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Magistrate Judge Blewitt finds that the complaint raises an Eighth Amendment conditions of confinement claim and denial of proper medical care claim. (Id.). The R&R discusses the required elements of each. (Doc. 7, pp. 10-12), quoting Carpenter v. Kloptoski, 2011 U.S. Dist. LEXIS 27414, *18-19 (M.D. Pa. 2011) (Conner, J.); Zimmerman v. Schaeffer, 654 F. Supp. 2d 226, 248 (M.D. Pa. 2009) (Rambo, J.). The Magistrate Judge reasons that there are no allegations that any LCCF official was aware that Plaintiff faced a substantial risk of harm or that Plaintiff's athlete's foot, even though it festered until it bled, posed a substantial risk of serious harm. (Id.). Furthermore, the R&R notes that although Plaintiff complains that he had to pay for medication, the medication cured his foot condition. (Id.). Accordingly, Magistrate Judge Blewitt concludes that it would be futile to afford Plaintiff an opportunity to file an amended complaint. (Doc. 7, p. 12), citing Grayson, 293 F.3d at 114.

Having reviewed the R&R for clear error and finding none, it will be adopted. See Tsakonas v. Cicchi, 308 Fed. Appx. 628, 632 (3d Cir. 2009) (concluding that athlete's foot is not a "serious medical need" for purposes of the Eighth Amendment); Reynolds v. Wagner, 128 F.3d 166, 173-75 (3d Cir. 1997) (holding that a prison policy requiring inmates to pay for medical services does not violate the Eighth Amendment). The complaint and all Defendants will be dismissed with prejudice and without leave to amend. Additionally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

---

[4]The R&R also notes that it does not appear from the face of the complaint that Plaintiff exhausted administrative remedies with respect to his claims. See (Doc. 7, pp. 7-9).

4

A separate order will be issued.

_____
United States District Judge

**Date:** July 30, 2013